Ian Samus appearing for the appellant and plaintiff in this case. Your Honor, there's basically two issues, two main issues to deal with here. The first is whether or not the request for an appeal was timely filed, and there are cases cited, Clinton, Loya, and the other one I cited, the Ninth Circuit, would hold that basically the clerk received the documents, therefore they should be filed if they're... Which case is that you're depending on? Clinton and Loya, Your Honor. And those, if in fact, once the papers are received, then the solution to irregularities are to have the court impose some sort of sanctions, not to... That's one issue, but what about, didn't you also tender a post-dated check? Yes, Your Honor. Isn't that a different kind of deficiency? No, Your Honor, because all that check had to do was sit on the desk for two days until it became good, and the clerk would have... How many days can you post-date it? Can I do it for a week? Well... Can I do it for a month? Your Honor, the issue is that the papers were received and the check was received, and the check was received prior to the expiration of the time. Well, was the check negotiable before the expiration of the time? Yes. So you're saying it was post-dated by two days? Yes. So the two days later was the last day to file a notice of appeal? That's correct. Once we get past that particular issue, then the second issue is the proper determination of the reopening that was under SSR 915P. And the administrative law judge and the court both came up with the conclusory statement that there is no medical evidence in the record indicating that the plaintiff suffered from a mental impairment at the time of the denial of the 1996 application. That is patently wrong. If you look at the section in the excerpts of page 56, there is a determination of meeting the listings level of disability. The listing levels of disability do have a, in this case obesity, do have a mental component that there needs to be looked at. Neither the court nor the administrative law judge looked at that particular component. Secondly, the physical limitations of the claimant at the time were of sufficient severity so that it could have been found, had that been examined, that he was physically incapable of following through on his appeal rights. His obesity was of such severity, and the court looked at the evidence from his parents and his brother that indicated that the administrative law judge could have found that physically he was. It's not a question, is it, of what the administrative judge could have found. The question is, is finding that the ALJ made lacking, you know, substantial evidence and support. Because he didn't cite any evidence that he dismissed. He did not look at the medical evidence that I've cited. He did not dismiss the credibility of the claimant's testimony. He did not do anything that your honors could look at and say, well, okay, that's good enough, and we're going to uphold his conclusory decision. So there is no evidence in the administrative law judge's decision that supports his conclusion that there is no medical evidence or no evidence. All right, counsel. Go ahead, Judge. Judge Gould with a question. You know, was there a delay or a problem with appealing what the ALJ did initially? Well, no. We appealed that through to the appeals council, and the appeals council dumped it. And then we went to district court, and district court dumped it. So the issue of the administrative law judge's decision and his incorrect decision was raised and continued to be argued up to this point. Well, you know, you referred to some matters, but what the ALJ said is there is no evidence. Well, first of all, the ALJ for some reason still went on to make a complete evaluation of, you know, the evidence on the disability. But on the lateness issue, the ALJ found there is no evidence in the record that the claimant lacked the mental capacity to timely request review. And you haven't referred to anything on mental capacity. You've been talking about physical disabilities. I mean, your case seems to be, well, he was so obese that it interfered with his ability to think, right? Isn't that what you're saying? Well, that's part of it, but the fact that he was physically incapable of going to and following through on his appeal is also a factor under 915P, which is the ALJ is required to look at that particular problem and either say, yes, there is a physical disability that would prevent him from following his appeal, or no. And certainly the physical disability that was found in terms of giving him the benefits that he did receive related back to 91 and 92, and the record is clear on that, not only from his testimony, from his parents' letters, and from the determination by a medical doctor that he had that level of disability. Well, but again, it's a physical disability, and there's 91, whatever it is, 91P or whatever it is. 915P. You know, refers to when a claimant presents evidence that mental incapacity presented him from timely requesting review, and there is no medical evidence of mental incapacity, is there? Yes. Where is that? No, you're correct. There's no medical evidence of mental incapacity, except that the determination under the obesity level has a mental component, depression. And that is in the excerpt of the listing that was found by the medical doctor in this case. Can I reserve your remaining time? Yes. Thank you. Good morning, Your Honors. I'm Deborah Stachel, here this morning representing Michael Astry, the Commissioner of Social Security. Claimant asked the district court to do two things it lacked authority to do. First, it asked the district court to file a defective notice of appeal without prepayment of the filing fee, without recognition of all of the applicable local rules of the Eastern District of California, the Ninth Circuit local rules, the federal rules of appellate procedure, and even the applicable statute, 28 U.S.C. 2107, which requires payment of a filing fee upon filing of the notice of appeal. But, you know, he did tender the notice of appeal on time, although it was in the wrong form, right? He submitted a package to the district court. Yes. And the package included notice of appeal. Yes. And if he had transmitted that electronically instead of physically, it would have been timely, right? On the day he sent it. That's unknown, Your Honor. It depends about the form of payment, because this court's rule requires simultaneous payment. That's a good question, which asks about the notice of appeal itself, right? It would have been timely if he had electronically transmitted it instead of whatever he did, mailing it or delivering it, right? Yes, Your Honor. We're not arguing defect as to the content of the document captioned notice of appeal. Not arguing. Except for the date. It was dated two days after it was submitted to the court, the notice of appeal itself. So you're not contesting the – say it again. We're not contesting the content of the notice of appeal? We're not contesting that the document captioned notice of appeal was defective under Federal Rule of Appellate Procedure 3 as to what the content requires, except that it was dated and signed October 12th and submitted on October 10th. It's really – what matters is when it's filed, right? Yes. All right. Now, but he tendered it timely, didn't he, for filing, except the form was wrong. It was, you know, hard copy instead of electronic. And the payment, Your Honor. Well, that's a different issue. But so your case comes down to if a litigant attempts to file a notice of appeal in the wrong form, it's defective, right? That's part of your case, isn't it? Part of the case is that there are the cumulative number of errors here perhaps render this case different. And the cases upon which the claimant relies here generally focus on submission of complaints to the district courts. Under applicable law, the issue on complaints has to do with statutes of limitations, which are subject to equitable tolling. And the Supreme Court has – this Court in its Sadler opinion from 2007, and then later in the year the Supreme Court in its Bowles v. Russell's opinion has made very clear that equitable considerations do not affect the timeliness of a notice of appeal. What about the – going over to the money issue, the Supreme Court's Parisi case, which basically said if you put in a timely notice of appeal, it didn't matter that in that case the check for $5 was received after the deadline for the notice. I think the Parisi case is distinguishable in two ways, Your Honor. First, under the Bowles v. Russell decision, it calls into question the ability for making those kind of equitable considerations that were at issue in Parisi. And second, it's not really equitable. It's just saying notice on file, the fact that the money followed later doesn't vitiate the notice. I mean, that's what I think the Supreme Court said. I don't think they were doing an equitable analysis in Parisi, were they? I think that's the implication of what the Court was doing. And it was saying that the strictures were not necessary. But, again, Parisi was just a very brief per curiam opinion that didn't really flesh out too much of its analysis. Well, here's what it says. It says, So it seems that unless the Supreme Court overrules that decision, we would be bound by it, wouldn't we? I think the Bowles v. Russell's analysis calls to Parisi analysis  because what Bowles focused on was the exact statutory language. And here, 28 U.S.C. 2107 requires the submission upon filing. And since the Court was very focused on the statutory language, I think perhaps it's a good question. Counsel, Judge Gould, with a question. Don't we have like a lot of Supreme Court authority? I think the case might be Agostino or Agostini saying that we can't anticipatorily overrule a Supreme Court precedent because of inconsistency with some label Supreme Court decision that they have to make that decision. I thought the Supreme Court told us that explicitly in more than one case. Certainly, Your Honor. And even if this Court doesn't find that there was a jurisdictional problem, nonetheless, it can premise dismissal on the cumulative errors here made by experienced counsel who had voluntarily signed up for the electronic filing and was on notice both of those rules of the local court as well as the Ninth Circuit rules and the federal rules of it. What's the Ninth Circuit rule that has to do with this? Ninth Circuit rule 3-1 states... That doesn't apply to filing in the district court, does it? Yes, it does because the filing of notice of appeal in the district court is done pursuant to the federal rules of the court. Tell us what that rule says. It says, in appeals from the district court, appellant counsel shall simultaneously submit to the clerk of the district court the notice of appeal, the filing fee, the appellate docket fee, and sufficient copies of the notice of appeal for the parties and the court. Now, what about this rule of civil procedure? I'm looking at Rule 5-D-4. The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by local rule or practice. What does that rule mean? Clerk must not refuse to file a paper because it is not in conformance with the rules. Well, the clerk didn't do that here, Your Honor. The clerk didn't. He sent it back. Because of the filing fee. Huh? Because of the filing fee. And then, as an additional note added, we are an ECF court. It's covered by this case Judge McKeon was talking about, isn't it? Okay. Well, I see my time is nearing an end, and I'd like to turn to the other issue with the court's resolution. Good idea. Thank you. Counsel may... We might reach it too, right? The district court properly declined to exercise subject matter jurisdiction under the Social Security Act because claimant did not present here a colorable constitutional claim. And without such a claim, claimant cannot obtain review of the commissioner's discretionary non-final decision. Okay. Let's focus on the fact, you know, you heard him, you know, make his case about, well, the claimant was so obese that it, I think, something like interfered with his ability to, you know, function mentally. Yes. That was his argument. And... What's wrong with it? It's possible, isn't it? It's possible, but it's not supported by the record here. And, in fact, the very page that counsel referred to, excerpts of record 53, does not say anything about meeting a listing on obesity. That was a medical opinion of Dr. Fonte, finding claimant capable of sedentary work despite his back and knee impairment. And with respect to the argument that SSR 915P requires consideration of a physical impairment, the title of that policy ruling of the commissioner is telling here. The title is Mental Incapacity and Good Cause for Missing the Deadline to Request Review. It doesn't focus on physical mobility requirements. Here, counsel admitted to the ALJ that there wasn't really evidence of depression. He told the ALJ he would be providing supplemental evidence on the medical evidence regarding claimant's condition in 1996, and he did not do so, as the ALJ found. And if you just look at the chronology here, even the argument about mobility is not supported by what's in the record. On October 23, 1996, claimant had a face-to-face interview with the claims representative in the local SSA office. On November 16, 1996, claimant traveled to appear for a medical examination at the request of the Disability Determination Service with Dr. Critchfield. He gave a history of his impairment. He was able to convey that information. On November 20, 1996, claimant appeared for x-rays, again at the request of the Disability Determination Service. His own records show that later that day he also went to the emergency room regarding his jaw. And then on November 27, 1996, claimant again went to the emergency room regarding an ear complaint. The letter advising him of the commissioner's initial decision rejecting his claim for benefits was sent on December 7, 1996. So counsel's argument is really somehow that in this six-week period between the time he went to the local office to file his application and then six weeks later when he got the letter, somehow there was some incapacity that prevented him from either moving around or understanding the significance of what he was doing. And notable here, counsel has the claimant has never claimed a change in his condition from 96 to 2002. In 2002, he filed his application by himself. He sought reconsideration by himself. He sought a request for hearing from the ALJ by himself, and only at that point did he obtain counsel. Thank you. Thanks. We appreciate your argument. You have some time for a rebuttal if you want it. Your Honors, the issue about his physical or mental capacity based upon the evidence in the record was not thoroughly examined by the administrative law judge. He said there is no evidence, and my opposing counsel has cited evidence that should have been examined by the administrative law judge in making that determination. You don't know why he did what he did, except that he says there isn't anything there. That is patently false. There is evidence in the record that he was disabled and that he had a physical disability and that at points in time he had a mental disability consisting of depression, which is consistent with the physical disability of extreme obesity. Under the circumstances, it should be examined by a trier of fact and looked at carefully, and then if the administrative law judge determines that the evidence that has been examined, that is in the record, is insufficient to meet the standard of 91.5P, then I'm out of here. Thank you.
judges: Tashima, McKeown, Gould